# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Case No. 0:16-cv-02028-KMM

Arlene Margert Wildey,

                  Plaintiff,

v.                                                                                     **ORDER**

Nancy A. Berryhill,
Acting Commissioner of Social Security,

                  Defendant.

---

Edward C. Olson, 331 2nd Avenue South, Suite 420, Minneapolis, MN, 55401, Karl E. Osterhout, Osterhout Disability Law, LLC, 521 Cedar Way, Suite 200, Oakmont, PA, 15139, counsel for plaintiff

Pamela Marentette, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN, 55415, counsel for defendant

---

On August 29, 2017, the Court entered an order granting Plaintiff Arlene Margert Wildey's motion for summary judgment and remanding this case to the Commissioner of Social Security for further proceedings. Ord., ECF No. 17. The Clerk entered judgment, and Ms. Wildey has filed a Petition for Attorney Fees invoking the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Pet., ECF No. 19. In her motion, Ms. Wildey argues that she is the prevailing party and that the government's position was not substantially justified by the record as a whole. *See id.* at 1. She seeks $9,011.51 in attorney's fees for 46.6 hours of work at an hourly rate of $193.88.[1] *Id.*; *see also* Pl.'s Br. in Resp. to Def.'s Opp., ECF No. 24. The Commissioner does not object to Ms. Wildey's prevailing-party status, her

---

[1] The EAJA provides for fees at an hourly rate of $125.00 and allows for an increase based on the cost of living. 28 U.S.C. § 2412(d)(2)(A). The Commissioner does not challenge the requested hourly rate of $193.88. Based on its own calculations, the Court finds this rate reasonable.

characterization of the government's position, or the requested hourly rate. But the Commissioner does challenge the total amount requested. Def.'s Opp. at 2, ECF No. 23.

The EAJA provides, in relevant part, that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1). An application for fees and costs under the EAJA must show that the party is a prevailing party whose net worth was less than two million dollars when the civil action was filed and include: (1) a statement of the amount sought; (2) an itemized statement of the time spent by the attorney on the case; (3) a statement of the rate at which fees and other expenses have been computed; and (4) an allegation that the Commissioner's position is not substantially justified. *Id.* § 2412(d)(1)(B). Only "reasonable fees and expenses" may be awarded to a prevailing party. *Id.* § 2412(b). The ultimate amount of an award is within the district court's discretion. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

The Court finds that Ms. Wildey has satisfied the above requirements to demonstrate entitlement to fees. The Commissioner concedes that Ms. Wildey is entitled to attorney's fees and does not explicitly object to the requested hourly rate. *See generally* Def.'s Opp. Instead, the Commissioner objects to the number of hours for which Ms. Wildey requests payment. *Id.* at 5. The Commissioner asserts that "this case did not reasonably require the time claimed by counsel." *Id.*

The Commissioner argues that typical social security cases take fewer hours than the 46.6 hours requested here. *Id.* at 2 (citing *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends that counsel for Ms. Wildey only raised two issues that were "common to social security appeals" and not "novel or complex." Def.'s Opp. at 4. (citing *Kramer*

*v. Apfel*, 57 F. Supp. 2d 774, 775-76 (S.D. Iowa 1999)).  The Commissioner further asserts that Ms. Wildey's brief contained a substantial amount of "boilerplate language and quotations" and therefore the request for 46.6 hours of attorney work is "unreasonable."  *Id.* at 4-5.  Ultimately, the Commissioner requests that the Court reduce Ms. Wildey's attorney's fees to reflect thirty-five or fewer hours.  *Id.* at 5.  But the cases on which the Commissioner relies are distinguishable from the instant matter and the Court declines to follow their reasoning here.

The Commissioner cites *Coleman* as establishing an upper hour limit for "typical" social security cases.  But *Coleman* only notes that "*some* courts" have found such a limit to be reasonable, that others have awarded substantially more hours based on the facts of the case, and that the court has broad discretion to determine the reasonableness of the time expended.  2007 WL 4438633, at *3.  The Commissioner is correct that the *Kramer* court reasoned that simpler cases typically involve fifteen to twenty hours.  57 F. Supp. 2d at 775.  But the court in *Kramer* first examined the specific facts of the claimed hours in that case and found them excessive.  *Id.*

Here, Ms. Wildey's counsel provided specific support for the 46.6 hours expended in this matter.  *See* Itemization of Time, ECF No. 20-1.  Ms. Wildey's brief was based on a 1,483-page record.  *Id.* at 1.  Almost half of the 46.6 hours were spent reviewing the record and researching the relevant legal issues.  *Id.* at 1-2.  And Ms. Wildey's counsel did not represent her at the administrative level and therefore had to become familiar with the record.  Moreover, courts from this district have repeatedly granted fees over the limits contemplated by the Commissioner.  *See, e.g., Chang v. Berryhill*, 15-cv-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017) (awarding 52 hours in a case with a 540-page record); *Carpenter v. Colvin*, 14-cv-1664 (JRT/TLN), 2016 WL 4218282, at *1 (D. Minn. Aug. 10, 2016) (awarding 58.5 hours in a case with a 1125-page record); *Ubel v. Colvin*, 13-cv-875 (JRT/JJG), 2014 WL 2009051, at *1-4 (D. Minn. May 16, 2014) (awarding 61 hours in a case with a 879-page record).

After reviewing the entire file, the Court finds that the requested award of $9,011.51 is reasonable.

Based on the foregoing, **IT IS HEREBY ORDERED THAT**

1. Ms. Wildey's Motion for Attorney Fees (**ECF No. 19**) is **GRANTED**; and

2. The Commissioner shall promptly pay attorney's fees to Ms. Wildey in the amount of $9,011.51.

Date: March 19, 2018

                                                  *s/ Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge